IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARTIN BENITO MONTEMAYOR )
)
v. ) NO. 3:19-01087
)
JOHN DANIEL RUDD, et al. )

**TO:** Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered April 6, 2015 (Docket Entry No. 3), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings.

Plaintiff is a pretrial detainee at the Rutherford County Adult Detention Center ("Detention Center") in Murfreesboro, Tennessee. He filed this action seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the Detention Center in 2019 and 2020. By the Order of referral, process was issued to four defendants - John Daniel Rudd, Kenneth Zook, Ken Tucker, and Christopher Fly - on Plaintiff's claims of racial discrimination and violations of due process. Defendants Zook and Fly have filed answers. *See* Docket Entry Nos. 21 and 22. Defendants Rudd and Tucker have yet to respond to the complaint.

On July 20, 2020, Plaintiff made a filing in which he requests to dismiss Defendant Fly from the lawsuit. *See* Docket Entry No. 23 at 2.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, if an answer has been filed prior to Plaintiff's request for voluntary dismissal, "an action may be dismissed upon the

plaintiff's request only by court order, on terms that the court considers proper." Such a dismissal is without prejudice unless the Court states otherwise in its order dismissing the case. *Id*. The purpose of Rule 41(a)(2) is to protect the nonmovant from unfair treatment. *See Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

The Court finds that Defendant Fly should be dismissed as requested by Plaintiff but that such dismissal should be with prejudice because to dismiss Defendant Fly without prejudice would cause him to suffer plain legal prejudice. Although this action has not proceeded far in the litigation, Plaintiff's initiation of the lawsuit has nonetheless caused Defendant Fly to answer the complaint and to be subjected to the expense and burden of litigation. Further, Plaintiff has not provided any explanation or shown cause for why the dismissal should be without prejudice. *See Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Plaintiff's request for voluntary dismissal of Defendant Christopher Fly (Docket Entry No. 23) be GRANTED but that the dismissal be WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge